**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| JAMADE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24cv967 |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendant's Motion for Judgment on the Pleadings (Docket Entry 17) and Defendant's Motion for Summary Judgment (Docket Entry 22). For the reasons that follow, the Court will (i) grant in part and deny in part the Motion for Judgment on the Pleadings (such that only Plaintiff's breach of contract and contractual breach of the implied covenant of good faith and fair dealing claims remain) and (ii) grant the Motion for Summary Judgment with respect to those remaining claims.[1]

**BACKGROUND**

In this case, Jamade Jones (the "Plaintiff"), seeks recovery for damages arising from a house fire. (See Docket Entry 5 (the

1 Pursuant to the parties' consent, Senior United States District Judge Loretta C. Biggs referred this matter to the undersigned United States Magistrate Judge for all proceedings. (See Docket Entry 16.)

"Complaint") at 1-5.)[2] In July 2024, Plaintiff filed suit against State Farm Fire and Casualty Company (the "Defendant") in Guilford County Superior Court (see id. at 1), asserting claims for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, and tortious breach of the implied covenant of good faith and fair dealing stemming from Defendant's alleged "refusal to make adequate payment" to him following his demand under a home insurance policy for the total value of the home. (See id. at 2-4.) Defendant removed the action to this Court on the basis of diversity jurisdiction (see Docket Entry 1 at 1) and thereafter filed an Answer to the Complaint, to which it appended (1) the insurance policy allegedly in effect between Plaintiff and Defendant when the fire occurred (the "Policy"), and (2) the October 18, 2024 claim decision letter (the "Claim Decision Letter"). (See Docket Entries 10-1 and 10-2; see also Docket Entry 10, ¶¶ 3, 12 (identifying documents).)

The parties' discovery plan provided for the completion of all discovery by October 31, 2025. (See Text Order dated Feb. 27, 2025 (adopting Joint Rule 26(f) Report (Docket Entry 13)); see also

2 Docket Entry page citations utilize the CM/ECF footer's pagination. The Complaint contains three sequentially numbered paragraphs (¶¶ 1-3) on page 1, twelve sequentially numbered paragraphs on page 2 through the top of page 3 (¶¶ 1-12), and twenty sequentially numbered paragraphs on page 3 through page 4 (¶¶ 4-24), followed by a prayer for judgment on page 5. To minimize confusion, the Court uses page citations, supplemented by paragraph citations when appropriate.

Docket Entry 13 at 1.) With just over a month left in the discovery period, Defendant filed its instant Motion for Judgment on the Pleadings. (See Docket Entry 17 at 7 (documenting filing date of September 22, 2025); see also id. at 1 (seeking judgment on the pleadings on all of Plaintiff's claims).) Plaintiff did not file a response. (See Docket Entry 20 (letter to Plaintiff's counsel dated Oct. 22, 2025, advising that "this motion will be referred to the Court . . . for consideration, without a hearing on the unopposed motion").)

Following the close of discovery, Defendant filed its instant Motion for Summary Judgment. (See Docket Entry 22 at 7 (documenting filing date of December 1, 2025); see also id. at 1 ("Defendant . . . moves for summary judgment on all of Plaintiff's claims.").) Again, Plaintiff did not respond. (See Docket Entry 24 (letter to Plaintiff's counsel dated Jan. 7, 2026, advising that "this motion will be referred to the Court . . . for consideration, without a hearing on the unopposed motion").)[3]

---

3 "[I]n considering a motion for summary judgment, the district court *must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n.8 (4th Cir. 2010) (emphasis in original) (internal quotation marks omitted). Similarly, "[e]ven though [Plaintiff] did not challenge the [M]otion [for Judgment on the Pleadings, the Fourth Circuit has] note[d] that th[is C]ourt nevertheless has an obligation to review [such] motions to ensure that dismissal is proper." Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014); see also Brewer v. Jefferson-Pilot Std. Life Ins. Co., 333 F. Supp. 2d 433,
(continued...)

## DISCUSSION

### I. Motion for Judgment on the Pleadings

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Like a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[a] Rule 12(c) motion tests only the sufficiency of the [C]omplaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014); see also Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012) (recognizing standards are the same). "However, unlike on a Rule 12(b)(6) motion . . . on a Rule 12(c) motion the Court may consider the Answer as well [as the Complaint]." Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012) (internal brackets, quotation marks, and citations omitted). "The factual allegations in the Answer are taken as true to the extent they have not been denied or do not conflict with the Complaint." Id. But "[f]or the purposes of this motion Defendant cannot rely on allegations of fact contained only in the Answer, including affirmative defenses, which contradict the Complaint because Plaintiff was not required to reply to Defendant's Answer, and all allegations in the Answer are deemed denied." Id.; see also Justad v. Bank of Am. Corp.,

3(...continued)
436-39 (M.D.N.C. 2004) (reviewing merits of unopposed motion for judgment on the pleadings).

No. 1:17cv219, 2017 WL 3432293, at *2 (M.D.N.C. Aug. 9, 2017) (noting that only in "rare circumstances" will district court reach affirmative defense through Rule 12(c) motion), report and recommendation adopted, No. 1:17cv219, 2017 WL 11019067 (M.D.N.C. Sept. 11, 2017). Similarly, though a Court may consider documents attached to the Answer as part of the pleadings for Rule 12(c) purposes without converting the motion for judgment on the pleadings into a motion for summary judgment, it may only do so if (1) "the documents are central to [] Plaintiff's claim" and (2) their "authenticity is not challenged." Mendenhall, 856 F. Supp. 2d at 724.

"Nonetheless, as with a motion to dismiss, in the face of a motion for judgment on the pleadings, 'the [C]omplaint's factual allegations must be enough to raise a right to relief above the speculative level — that is, the [C]omplaint must contain enough facts to state a claim for relief that is plausible on its face.'" Mulugu v. Duke Univ., No. 1:23cv957, 2026 WL 125229, at *3 (M.D.N.C. Jan. 16, 2026) (quoting Bass v. Weinstein Mgmt. Co., 56 F.4th 355, 360-61 (4th Cir. 2022)), report and recommendation adopted, No. 1:23cv957, 2026 WL 608537 (M.D.N.C. Mar. 9, 2026).

In support of its Motion for Judgment on the Pleadings, Defendant argues for dismissal of the entire Complaint on the following grounds: (1) Plaintiff fails to plead facts establishing he complied with the subject insurance policy's conditions

precedent, barring his claim for breach of contract; (2) Plaintiff's contractual breach of the implied covenant of good faith and fair dealing claim relies on the same allegations as his breach of contract claim, requiring dismissal under North Carolina's "part and parcel" doctrine; and (3) Plaintiff fails to allege facts sufficient to sustain his claim for tortious breach of the implied covenant of good faith and fair dealing. (See Docket Entry 18 at 6-15.)

Before considering Defendant's arguments, the Court must first determine whether it may consider the materials appended to Defendant's Answer in ruling on the instant Motion for Judgment on the Pleadings. The Court finds it appropriate to consider the Policy (Docket Entry 10-1) because of its centrality to Plaintiff's claim that Defendant breached said insurance policy and its unchallenged authenticity. (See Docket Entry 10, ¶ 3 (identifying "subject insurance policy" relied upon in Complaint as policy number 33-GN-X000-5 and admitting that it remained in full force and effect at time of Plaintiff's alleged loss); see also Docket Entry 5 at 1 (¶ 3), 2 (¶ 6), 3 (¶¶ 9, 5), 4 (¶¶ 12, 19) (relying upon subject home insurance policy).) However, the Court declines to consider the Claim Decision Letter (Docket Entry 10-2) at the pleading stage. Unlike the Policy, the Complaint does not reference the Claim Decision Letter and the Claim Decision Letter "cannot be deemed central to Plaintiff's claim in that the

Plaintiff does not in any way rely on the document[] in pleading a *prima facie* case" of any of his claims. Lefkoe v. Jos. A. Bank Clothiers, Civ. Action No. 06-1892, 2008 WL 7275126, at *5 (D. Md. May 13, 2008). Rather, Defendant relies on the Claim Decision Letter for its defenses that it acted in good faith and that Plaintiff failed to comply with certain conditions and duties attributed to him under the Policy. See Lefkoe, 2008 WL 7275126, at *5 (declining to consider exhibits "not central to Plaintiff's claim, but rather to Defendants' defense to that claim" on 12(c) motion).[4] Under these circumstances, the Court will not consider the Claim Decision Letter for the purposes of a motion for judgment on the pleadings, and the Court will not convert Defendant's Motion for Judgment on the Pleadings to one for summary judgment.

**A. Breach of Contract**

Plaintiff's first cause of action asserts that Defendant committed a breach of contract. (See Docket Entry 5 at 3 (¶¶ 4-9).) Under North Carolina law, a breach of contract claim requires proof of "(1) existence of a valid contract and (2) breach of the terms of that contract." Guessford v. Pennsylvania Nat.

4 Moreover, even if the Court considered the Claim Decision Letter at this juncture, it would make no difference. In moving for judgment on the pleadings on Plaintiff's breach of contract claim, Defendant relies upon the Claim Decision Letter not for its existence or legal effect, but instead for the document's "factual content" (Docket Entry 18 at 9), which Defendant contends "show[s] that Plaintiff failed to comply with the Policy's terms" (id. at 10). See generally Mendenhall, 856 F. Supp. 2d at 724 (precluding reliance on allegations of fact in answer which required no reply).

Mut. Cas. Ins. Co., 918 F. Supp. 2d 453, 460 (M.D.N.C. 2013) (citations and quotations omitted).[5] Plaintiff alleges that the home insurance policy he purchased from Defendant constitutes a valid contract between the parties which Defendant breached by failing to "make adequate payment to [him] as required under the [] Policy" after an October 2023 fire at Plaintiff's home. (Docket Entry 5 at 2-3; see also Docket Entry 18 at 2-3.) Defendant does not dispute the existence or validity of the Policy, the fire at Plaintiff's home, or Plaintiff's resulting claim under the Policy, but instead requests judgment on the pleadings on that claim because "Plaintiff fails to plead facts showing that he satisfied all conditions precedent under the Policy" (Docket Entry 18 at 6). (See id. at 6-10.)

North Carolina courts recognize that an insured's failure to comply with policy requirements operates as a condition precedent to bringing suit against the insurer. See Fineberg v. State Farm Fire & Cas. Co., 113 N.C. App. 545, 548, 438 S.E.2d 754, 755 (1994); see also Pool v. State Farm Fire & Cas. Co., 50 F. App'x

---

5 "A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." Atlantic Marine Constr. Co. v. United States Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 65 (2013) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 494-96 (1941)). Because North Carolina law "mandates that the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation of the contract," Fortune Ins. Co. v. Owens, 351 N.C. 424, 428, 526 S.E.2d 463, 466 (2000), and the insurance policy shows delivery in North Carolina (see Docket Entry 10-1 at 2), the Court applies North Carolina substantive law.

141 (4th Cir. 2002) (per curiam). Defendant contends that the following Policy terms, concerning Plaintiff's duties after a loss, constitute conditions precedent:

> **C. Duties After Loss**
>
> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
>
> . . .
>
> **5.** Cooperate with us in the investigation of a claim;
>
> **6.** Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;
>
> **7.** As often as we reasonably require . . .
>
> **b.** Provide us with records and documents we request and permit us to make copies . . .

(Docket Entry 10-1 at 23; see also Docket Entry 18 at 2 (citing same).) According to Defendant, Plaintiff needed to specifically plead that he fulfilled each of these conditions precedent in order to plausibly allege his breach of contract claim, which he failed to do. (See Docket Entry 18 at 8-9.)[6]

---

6 Defendant also argues that the "[t]he only facts before the Court show that Plaintiff failed to comply with the Policy's terms," relying on the "factual content" contained in the Claim Decision Letter. (Docket Entry 18 at 9-10.) For the reasons previously stated, the Court will not consider the Claim Decision (continued...)

Defendant's argument falls short for two reasons. First, none of the cases cited by Defendant in support of its request for judgment on the pleadings involve a motion brought under Rule 12. (See id. at 6-10 (citing Fineberg, 438 S.E.2d at 755-56 (affirming grant of summary judgment to insurer where record made "clear [the] plaintiff did not comply with the condition [precedent]"), Ward v. Horace Mann Ins. Co., No. 4:07cv76, 2008 WL 4933961, at *6 (E.D.N.C. Nov. 18, 2008) (granting summary judgment to insurer where insureds conceded they failed to satisfy condition precedent), aff'd, 326 F. App'x 699 (4th Cir. 2009), Pool, 50 F. App'x 141 (affirming grant of summary judgment to insurer where the "district court found, as a matter of law and upon the facts presented . . . that the [insureds] had not complied with the policy requirements"), Baker v. Independent Fire Ins. Co., 103 N.C. App. 521, 522, 405 S.E.2d 778, 778 (1991) (affirming grant of summary judgment to insurer where facts established as a matter of law that insured did not comply with condition precedent), and Moore v. North Carolina Farm Bureau Mut. Ins. Co., 82 N.C. App. 616, 623–24, 347 S.E.2d 489, 493 (1986) (holding that trial court erred in failing to grant insurer's motion for directed verdict where the plaintiff failed to present sufficient evidence demonstrating his compliance with conditions precedent at trial)).)

---

6(...continued)
Letter and any factual content purportedly contained therein at the pleading stage.

As such, none of these cases stand for the proposition that an insured seeking to recover under a policy needs to specifically allege each way he has fulfilled all conditions precedent under the policy in order to plausibly allege a claim against the insurer.

Second, unlike the mandatory conditions precedent at issue in each of the cases Defendant relies upon, the Policy's language specifically provides that Defendant has "no duty to provide coverage under this policy if the [insured's] failure to comply with the following duties is prejudicial to [the insurer]." (Docket Entry 10-1 at 23 (emphasis supplied).) The plain language of this provision therefore lays out two factors affecting Defendant's duty to provide coverage: (1) whether Plaintiff failed to comply with a listed duty, which includes, inter alia, cooperating with the investigation of a claim and supplying requested documents, and (2) whether the failure to comply prejudiced Defendant. Here, even if the Policy imposed conditions precedent on Plaintiff which, if unfulfilled, would bar Plaintiff's claim, Defendant could not obtain judgment on the pleadings because the pleadings do not establish any prejudice resulting from Plaintiff's alleged failure to comply with a listed duty. See North Carolina Mut. Wholesale Drug Co. v. Fed. Ins. Co., 687 F. Supp. 3d 689, 692 (M.D.N.C. 2023) (noting that courts must enforce clear and unambiguous language of policies as written); see also Nationwide Gen. Ins. Co. v. Staples, 626 F. Supp. 3d 899, 909 (E.D.

Va. 2022) (holding that genuine issue of material fact existed as to whether delay in providing notice prejudiced insurer, precluding judgment on the pleadings regarding coverage under insurance policy where notice provision specifically provided that insurer had "no duty to provide coverage under this Policy if [the insured's] failure to comply with the following duties is prejudicial to [the insurer]" (emphasis in original)).

In short, Plaintiff alleges he performed under the parties' agreement (see Docket Entry 5 at 3 (¶ 6)), Defendant alleges he did not (see Docket Entry 10, ¶ 18) but fails to demonstrate prejudice from Plaintiff's alleged failures, and at the pleading stage the Court must credit Plaintiff's version of events. See Smith v. McDonald, 562 F. Supp. 829, 842 (M.D.N.C. 1983) ("The test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law."), aff'd, 737 F.2d 427 (4th Cir. 1984), aff'd, 472 U.S. 479 (1985). Accordingly, the Court will deny judgment on the pleadings to Defendant on Plaintiff's breach of contract claim.

**B. Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing**

Defendant next argues that Plaintiff's contractual claim for breach of the implied covenant of good faith and fair dealing

should "be dismissed as duplicative" and "part and parcel" (Docket Entry 18 at 10-11) of his breach of contract claim under North Carolina law, relying on Fortson v. Garrison Prop. & Cas. Ins. Co., No. 1:19cv294, 2021 WL 12092764, at *3 (M.D.N.C. Nov. 22, 2021), Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc., 505 F. Supp. 3d 570, 585 (M.D.N.C. 2020), and City Grill Hosp. Grp., Inc. v. Nationwide Mut. Ins. Co., No. 5:12cv610, 2014 WL 1429552, at *5 (E.D.N.C. Apr. 14, 2014). (See id.) Defendant's argument for dismissal of this claim fails because, in the time that has passed since the most recent authority Defendant relies upon, "[t]he Fourth Circuit has held that 'a claim for a breach of the implied covenant of good faith and fair dealing is separate from a claim for breach of contract' under North Carolina law." Beatty v. PruittHealth, Inc., No. 1:21cv818, 2022 WL 3681918, at *9 (M.D.N.C. Aug. 25, 2022) (quoting Nadendla v. WakeMed, 24 F.4th 299, 308 (4th Cir. 2022)). Accordingly, "contrary to Defendant['s] argument, Plaintiff may assert a claim for breach of the implied covenant of good faith and fair dealing." Id.; see also Nadendla, 24 F.4th at 308 ("[W]e find that [the plaintiff's] breach of the implied covenant of good faith and fair dealing claim does not fail as a matter of law. Breach of the implied covenant of good faith and fair dealing is a separate claim from breach of contract, and it is not subsumed into the latter when the express terms of the contract do not preclude the implied

terms which the plaintiff claims were breached."); Carcaño v. McCrory, 203 F. Supp. 3d 615, 637 (M.D.N.C. 2016) (stating "district courts are . . . bound to follow circuit precedent"). Therefore, the Court will deny Defendant's motion for judgment on the pleadings with respect to this claim as well.

### **C. Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing (Bad Faith)**

Lastly, Defendant argues for judgment on the pleadings in its favor on Plaintiff's tortious breach of the implied covenant of good faith and fair dealing claim, also known as insurance bad faith. (Docket Entry 18 at 12-15.) The Court agrees, and will therefore dismiss that claim.

Under North Carolina law,[7] "[a] claim for [tortious] breach of the covenant of good faith and fair dealing in an insurance contract includes three elements: (1) a refusal to pay after recognition of a valid claim; (2) bad faith; and (3) aggravating or outrageous conduct." Bailey v. Certain Interested Underwriters at Lloyd's London, Civ. Action No. 23-1642, 2024 WL 2795187, at *2 (4th Cir. May 31, 2024) (per curiam) (citing Lovell v. Nationwide Mut. Ins. Co., 424 S.E.2d 181, 184 (N.C. Ct. App. 1993)).

In support of such claim here, Plaintiff alleges the following facts: (1) on or about October 9, 2023, his house caught fire through no fault of his own; (2) prior to the fire, he purchased a

7 As noted above, North Carolina substantive law applies.

home insurance policy from Defendant which provided comprehensive home coverage; (3) as a result of the fire, he suffered loss of the use of his home, emotional distress, and economic loss; (4) after the fire, he made a demand under the policy for the total value of the home; (5) Defendant refused to pay his demand without reasonable basis in fact or law and in bad faith; and (6) he suffered further economic loss as a result of Defendant's refusal to pay his demand under the policy. (See Docket Entry 5 at 2-3 (¶¶ 5-12).)

According to Defendant, Plaintiff fails to plausibly allege any of the three elements required to state a claim for bad faith in the insurance context. (See Docket Entry 18 at 13-15.) The Court need not address each of Defendant's arguments on this point because the Court agrees with Defendant that, as to the third element, "Plaintiff does not attempt, even in a conclusory fashion, to allege that [Defendant's] conduct rose to the level of being aggravating or outrageous." (Id. at 15.) Plaintiff's Complaint lacks any allegation that Defendant acted with "fraud, malice, gross negligence, insult . . . willfully, or under circumstances of rudeness or oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights," as required to allege aggravating or outrageous conduct, Bailey, 2024 WL 2795187, at *4 (citing Dailey v. Integon Gen. Ins. Corp., 331 S.E.2d 148, 154 (N.C. Ct. App. 1985)), and the absence of any plausible and

nonconclusory allegation that would satisfy the third element of Plaintiff's claim requires the claim's dismissal, see id. at *2-*4 (affirming dismissal of claim for lack of plausible and nonconclusory allegation of aggravating circumstance). As such, the Court will grant judgment on the pleadings to Defendant with respect to Plaintiff's tortious breach of the implied covenant of good faith and fair dealing claim.

**II. Motion for Summary Judgment**

Based on the Court's resolution of the Motion for Judgment on the Pleadings, only Plaintiff's breach of contract and contractual breach of the implied covenant of good faith and fair dealing claims require discussion at the summary judgment stage. Defendant has requested summary judgment in its favor on these claims. (Docket Entry 22 at 1; see also Docket Entry 21 (supporting affidavit); Docket Entry 23 ("Summary Judgment Brief") at 2 ("[Defendant] seeks judgment as a matter of law on all of Plaintiff's claims."), 21 ("The evidence shows that Plaintiff is not entitled to recover for breach of contract . . . [or] contractual breach of the implied covenant of good faith and fair dealing . . . [.]").) "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material factual dispute exists "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering summary judgment, the Court "tak[es] the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party . . . ." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

In regard to Plaintiff's breach of contract claim, Defendant's Summary Judgment Brief makes the same argument as Defendant made with its Motion for Judgment on the Pleadings, i.e., that Plaintiff failed to comply with the Policy's conditions precedent requiring him to, inter alia, cooperate with Defendant's investigation of his claim. (Compare Docket Entry 23 at 10-12, with Docket Entry 18 at 6-10.) That argument fares no better at summary judgment because the plain language of the Policy regarding Plaintiff's duties following a loss (see Docket Entry 10-1 at 23; Docket Entry 22-1[8] at 23) makes Defendant's duty to provide coverage conditional upon whether Plaintiff's failure to comply with the listed duties "is prejudicial to [Defendant]" (id.) and Defendant has produced no record evidence that Plaintiff's failure to fulfill his duties resulted in prejudice to Defendant (see, e.g., Docket Entry 21

8 The Court notes that Defendant re-appended the Policy, originally appended as Exhibit A to its Answer (Docket Entry 10-1), as Exhibit A to its Motion for Summary Judgment (Docket Entry 22-1). Moving forward, the Court will adopt Defendant's chosen citation throughout its Motion for Summary Judgment and Summary Judgment Brief (Docket Entries 22 and 23) and use only Docket Entry 22-1 to reference the Policy.

(making no allegation of prejudice in 12-page affidavit detailing Defendant's interactions with Plaintiff in course of investigating claim)).

Defendant's Summary Judgment Brief also makes the same argument as Defendant made with its Motion for Judgment on the Pleadings with respect to Plaintiff's contractual breach of the implied covenant of good faith and fair dealing claim, i.e., that Plaintiff cannot pursue that claim independently from his breach of contract claim. (Compare Docket Entry 23 at 16-17, with Docket Entry 18 at 10-12.) As already explained, the Fourth Circuit, interpreting North Carolina law, has held that a claim for breach of the implied covenant of good faith and fair dealing constitutes a separate claim from breach of contract, which litigants may pursue independently, contrary to Defendant's argument. See Nadendla, 24 F.4th at 308.

The Court now turns to the remaining arguments Defendant advances in its Summary Judgment Brief: (1) that Plaintiff's breach of contract claim fails as a matter of law because Plaintiff made material misrepresentations and false statements to Defendant, voiding any coverage available under the Policy, and (2) that Plaintiff's contractual breach of the implied covenant of good faith and fair dealing claim "fails for the same reasons that his breach of contract claim fails" (Docket Entry 23 at 17). (See id. at 12-17.)

**A. Breach of Contract**

As stated above, Defendant requests summary judgment on Plaintiff's claim for breach of contract because his material misrepresentations and false statements "void any coverage potentially available to him under the Policy and bar his breach of contract claim." (Docket Entry 23 at 16.) More specifically, Defendant argues that the Policy's Concealment Or Fraud clause (see Docket Entry 22-1 at 26-27) bars coverage because "Plaintiff made numerous material misrepresentations and false statements in an effort to obtain payment under the Policy" (Docket Entry 23 at 14). Based on the record before the Court, the following facts qualify as undisputed:

Plaintiff had a policy of homeowners insurance with Defendant insuring his home at 1119 Caldwell Street in Greensboro, North Carolina, for the period of June 5, 2023 to June 5, 2024 (the "Policy"). (See Docket Entry 22-1.) The Policy insured Plaintiff's property for "direct physical loss to property." (Id. at 17.) The Policy further provided:

> **R. Concealment Or Fraud**
>
> We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
>
> **1.** Intentionally concealed or misrepresented any material fact or circumstance;
>
> **2.** Engaged in fraudulent conduct; or
>
> **3.** Made false statements;

relating to this insurance.

(Id. at 26-27; see also Docket Entry 23 at 3 (quoting provision).)

On or about October 9, 2023, Plaintiff's home suffered damage by fire. (See Docket Entry 5 at 2 (¶ 5); Docket Entry 10, ¶ 8; Docket Entry 22-5). On October 10, 2023, Plaintiff made a claim with Defendant under the Policy for damage to his home and personal property due to the fire. (See Docket Entry 21, ¶ 5.) In an effort to obtain payment under the Policy, Plaintiff, inter alia: (1) submitted a $10,000 "invoice" for hauling and demolition costs following the fire, which the company that purportedly performed the work and issued the invoice denied making, stating that it "did no work at 1119 caldwell st" and had "no invoices, no statements, no photographs, no videos and no proof of payment for said property" (Docket Entry 22-5 at 30; Docket Entry 22-6 at 6); (2) submitted a $4,250 "invoice" for a rental property that he had not leased and containing a monthly rental amount ($1,875) exceeding the actual rent ($1,795) for the property, as confirmed by the property owner (Docket Entry 21, ¶ 45; Docket Entry 21-1 at 20-21, 183); and (3) claimed to have rented different property during the same time at a monthly rate of $2,500 and to have paid both the first month's rent and a security deposit, totaling $5,000, providing only a handwritten note from "April Williams," a person who did not own or have apparent authority to lease the property, as documentation of his claimed expenses (Docket Entry

21, ¶¶ 49-50; Docket Entry 21-1 at 182). During its investigation, and before denying Plaintiff's claim, Defendant paid Plaintiff over $46,000. (See Docket Entry 21, ¶ 59; Docket Entry 21-1 at 180-181.)

North Carolina law sets out required policy language for fire insurance policies, which includes a provision voiding coverage in the event of a willful concealment or misrepresentation of a material fact or circumstance concerning the insurance coverage by the insured. See N.C. Gen. Stat. § 58-44-16(f)(2). The Policy's Fraud Or Concealment clause effectively mirrors this statutory language. (See Docket Entry 22-1 at 26-27.) North Carolina courts permit insurers to avoid coverage under this provision by asserting it as an affirmative defense. See Bryant v. Nationwide Mut. Fire Ins. Co., 313 N.C. 362, 370, 329 S.E.2d 333, 338 (1985). To void a policy based on a willful and material misrepresentation, "the insurance company must prove the insured made statements that were: 1) false, 2) material, and 3) knowingly and willfully made." Bryant, 329 S.E.2d at 338; accord Federated Mut. Ins. Co. v. Williams Trull Co., 838 F. Supp. 2d 370, 417 (M.D.N.C. 2011). "To willfully misrepresent is to make a statement deliberately and intentionally knowing it to be false" and such a misrepresentation is "material if the facts misrepresented would reasonably be expected to influence the decision of the [insurer] in

investigating, adjusting or paying the claim." Bryant, 329 S.E.2d at 340, 345.

Here, viewing the evidence in the light most favorable to Plaintiff, Defendant has met its burden with respect to its affirmative defense under the Policy's Concealment Or Fraud provision. On this record, the uncontroverted evidence demonstrates that Plaintiff knowingly and willfully made obviously false statements to Defendant, which he reasonably would have expected to influence Defendant's decisions in investigating, adjusting, and paying his claim, including by presenting false invoices and documentation of expenses he did not incur in an effort to obtain additional payments under the Policy. Accordingly, the Court will grant summary judgment to Defendant on Plaintiff's breach of contract claim. See generally Brown v. Economy Premier Assurance Co., No. 1:17cv206, 2019 WL 452769, at *3 (W.D.N.C. Feb. 5, 2019) (finding that the evidence "could not reasonably support any conclusion other than that [the insured's] EUO testimony was false, knowing, and material" and granting summary judgment to insurer relying on similar policy language); Smith v. State Farm Fire & Cas. Co., 109 N.C. App. 276, 280, 426 S.E.2d 457, 458-460 (1993)(affirming summary judgment for the insurer where the insured falsely claimed coverage for property that she did not own or possess at the time of loss, voiding the policy).

**B. Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing**

Defendant argues that the Court should grant summary judgment on Plaintiff's sole remaining claim because it "fails for the same reasons that his breach of contract claim fails." (Docket Entry 23 at 17.) Although Defendant does not offer any authority in support of this argument, the Court nonetheless concludes that "[a] defendant cannot breach a covenant of good faith and fair dealing when a claimant fails to establish the defendant breached the underlying contract." Superior Performers, LLC v. Carey, 716 F. Supp. 3d 373, 379 (M.D.N.C. 2024); see also McDonald v. Bank of New York Mellon Tr. Co., 259 N.C. App. 582, 587, 816 S.E.2d 861, 864-65 (2018)). Because the record establishes that Defendant did not bear any obligation to Plaintiff due to his conduct voiding the Policy, this claim fails as a matter of law.

**CONCLUSION**

Plaintiff's failure to plausibly allege tortious breach of the implied covenant of good faith and fair dealing warrants judgment on the pleadings in favor of Defendant with respect to that claim. Taking all evidence and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff with respect to his remaining claims for breach of contract and contractual breach of the implied covenant of good faith and fair dealing, Defendant has established entitlement to summary judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings (Docket Entry 17) is **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing is dismissed with prejudice, but Plaintiff's claims for breach of contract and contractual breach of the implied covenant of good faith and fair dealing may proceed past the pleading stage.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Docket Entry 22) is **GRANTED** as to Plaintiff's claims for breach of contract and contractual breach of the implied covenant of good faith and fair dealing and the Court will enter judgment for Defendant on those claims.

This 30th day of September, 2026.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**